Francis X. Conlon, J.
The answer admits that petitioner demanded that Kropp and Anger take the ‘ ‘ customary oath ’ ’ that they had received no promise or sum of money or anything of value to influence their votes at the meeting or as a consideration therefor. Section 20 of the General Corporation Law requires every member of a corporation offering to vote to ‘ ‘ take and subscribe ” such an oath, if demanded by any member, and it further provides that a member who fails to take the oath when challenged shall not be permitted to vote. The section clearly contemplates the taking of a written oath. Admittedly Kropp and Anger did not take a written oath. It follows that they were improperly permitted to vote at the stockholders’ meeting and that the meeting must be annulled and that petitioner’s removal as director was illegal.
Petitioner’s removal as an officer at the directors’ meeting is not, however, shown to be illegal. Four of the five directors voted for such removal. This was more than the three-fourths vote provided for in the by-laws. It is unnecessary to decide, therefore, whether the by-laws were invalid insofar as they required more than a majority vote.
Petitioner’s request for reinstatement as an employee is not properly the subject of an article 78 proceeding. His remedy, if any, is by way of a plenary action.
There remains for consideration petitioner’s application to examine the stock book and the other corporate record. No proper showing of bad faith on petitioner’s part is made. No affidavit containing evidentiary facts, as required by section 1291 of the Civil Practice Act, has been submitted by respondent. Petitioner has, however, failed to comply with the requirement of section 10 of the Stock Corporation Law that the inspection of the stock book be shown not to be “ for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation ” and that he “ has not within five years sold or offered for sale any list of stockholders of such corporation or any other corporation ” etc. The application should be denied as to the stock book and granted as to the other books and records.
The motion is granted to the extent (1) of annulling the stockholders ’ meeting and the removal of petitioner as a director and (2) granting the application to inspect corporate books and *936 records other than the stock book. This disposition is without prejudice to a renewal of the application to inspect the stock book, upon proper papers, and to a plenary action based on petitioner’s discharge as an employee.